Hillsborough
No. 82-118

## WILLIAM D. MCGEEHAN

v.

## BANK OF NEW HAMPSHIRE, NATIONAL ASSOCIATION & a.

January 26, 1983

*Rich, May, Bilodeau & Flaherty,* of Boston, Massachusetts, and *James A. Connor,* of Manchester (*Wendell J. Leary* and *Mr. Connor* on the brief, and *Mr. Leary* orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.,* of Manchester (*Edward A. Haffer* on the brief and orally), for the defendants.

PER CURIAM. The plaintiff appeals from an order of the Superior Court (*Bean,* J.) which granted the defendants' motion for summary judgment and dismissed the plaintiff's action for breach of his employment contract. We affirm.

The plaintiff, William D. McGeehan, was employed beginning June 1975 as executive vice-president of the defendant Bank of New

Hampshire, National Association (Bank). Since April 1980, the sole shareholder of the Bank has been its holding company, the defendant Bank of New Hampshire Corporation (Holding Company). In November 1980, one group of shareholders began negotiations to purchase a controlling interest in the Holding Company. This ascendant group of shareholders would ultimately gain control of the Holding Company. Nevertheless, prior to this group's ascendancy, at a joint meeting of the boards of directors of the Bank and the Holding Company on December 17, 1980, the head of this shareholders' group was removed as chairman of both boards and terminated as an employee of both the Bank and the Holding Company. At that same joint meeting, a motion was passed to grant the plaintiff a one-year employment contract as executive vice-president of the Bank.

Soon thereafter, the Bank and the plaintiff entered into a twelve-months contract, effective January 1, 1981. The contract provided that the plaintiff could be terminated during the one-year term of the agreement only if he were convicted of a criminal act.

As a result of a lawsuit filed by the ascendant shareholders' group against the other Holding Company directors, the Superior Court (*Bean*, J.) on January 27, 1981, ordered that the annual meeting of the Holding Company's shareholders be held before March 30, 1981. The day after the superior court's order, the boards of directors of the Bank and the Holding Company met jointly and voted "[t]o ratify the actions of Edward J. Haseltine, former Chief Executive Officer, in signing [an] employment contract [] for ... William D. McGeehan ...." That vote "ratified" the recommendation of the joint executive committee of the Bank and the Holding Company to ratify the one-year contract entered into with the plaintiff "on behalf of the Bank."

On March 27, 1981, the Holding Company shareholders, of which the ascendant group now constituted a majority, elected a new board of directors of that organization. On April 13, 1981, the new board of the Holding Company elected a new Bank board of directors consisting of virtually the same individuals who were members of the Holding Company board. Both of these boards then voted to terminate the plaintiff's employment contract.

The plaintiff brought this action in superior court alleging tortious interference with his employment contract, wrongful termination of employment, breach of contract, and entitlement to attorney's fees under his employment contract. The defendants moved for summary judgment, which the trial judge granted. This appeal followed.

■ The basis for the defendants' summary judgment motion was

12 U.S.C. § 24, para. Fifth (1976), which in relevant part provides that a national banking association shall have power "by its board of directors to appoint a . . . vice president . . . [and to] dismiss such officer[] . . . at pleasure . . . ." The case law uniformly interprets this section and substantially similar provisions as rendering unenforceable, as against public policy, all contractual provisions which do not allow a national banking association to discharge its officers at will without incurring liability for breach of contract. *See, e.g., Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1098 (9th Cir. 1981), *cert. denied*, 102 S. Ct. 1449 (1982) (construing 12 U.S.C. § 341, para. Fifth (1976) as allowing federal reserve bank employees to be dismissed at will); *Kozlowsky v. Westminster Nat. Bank*, 6 Cal. App. 3d 593, 596–97, 86 Cal. Rptr. 52, 53–54 (1970) (construing 12 U.S.C. § 24, para. Fifth); *Copeland v. Melrose National Bank*, 229 A.D. 311, 312–13, 241 N.Y.S. 429, 430, *aff'd*, 254 N.Y. 632, 633, 173 N.E. 898, 898 (1930) (construing 12 U.S.C. § 24, para. Fifth).

█ The plaintiff on appeal concedes that a *national banking association's* board of directors may discharge an officer with impunity. It is not disputed that the Bank is a national banking association under federal law. The superior court thus properly granted the Bank's summary-judgment motion.

We must now determine whether the trial court properly granted summary judgment in favor of the Holding Company. The plaintiff's employment contract and the other evidence before us clearly show that the plaintiff was employed as executive vice-president *of the Bank* and that he never held the position of executive vice-president *of the Holding Company*. In particular, the vote of the joint boards on January 28, 1981, was in response to the recommendation of the joint executive committee nine days earlier "[t]o recommend that the directors ratify the action of Edward J. Haseltine in executing . . . [an] employment agreement[] with . . . [William] McGeehan on behalf of the *Bank*." (Emphasis added.)

██ It is well established that business organizations such as the Bank, and its holding company, are separate entities. *See* 6A W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 2821, at 300–01 (rev. perm. ed. 1981). *But cf. First Financial Group of N.H., Inc. v. State*, 121 N.H. 381, 386, 430 A.2d 162, 165 (1981) (for tax purposes, degree of mutuality of identity exists between parent and subsidiary corporations). Similarly, it is widely recognized that the ratification by a corporation of a contract executed by its agents constitutes an adoption and affirmance of the contract *as executed*. *See Sawtelle v. Tatone*, 105 N.H. 398, 403, 201 A.2d 111, 115 (1964); 2A W. FLETCHER, *supra* § 751, at 409 (rev. perm. ed. 1982); *see also*

H. REUSCHLEIN & W. GREGORY, HANDBOOK ON THE LAW OF AGENCY AND PARTNERSHIP § 27, at 72 (1979). The contract ratified in this case related solely to the plaintiff's employment as vice-president *of the Bank*; it contained no provisions regarding similar employment *with the Holding Company*.

We hold that the plaintiff was never employed as executive vice-president of the Holding Company and, therefore, that no legal or factual issue existed as to the Holding Company's alleged wrongful termination of the plaintiff's employment in that capacity. Because the plaintiff was employed by the Bank, a separate entity, and not by the Holding Company, we further hold that any action taken by the Holding Company's board of directors, ratifying or terminating the plaintiff's employment contract with the Bank, was ineffectual.

*Affirmed.*