Belknap
No. 84-059

JOHN ROHDE

v.

FIRST DEPOSIT NATIONAL BANK,
f/k/a THE CITIZENS NATIONAL BANK

August 15, 1985

*Nighswander, Martin, Kidder & Mitchell P.A.*, of Laconia (*David L. Harrigan* and *Patrick H. Wood* on the brief, and *Mr. Harrigan* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Eugene M. Van Loan, III*, on the brief and orally), for the defendant.

BROCK, J. The plaintiff, John Rohde, seeks damages under an employment contract as a result of the termination of his employment as Vice-President of the First Deposit National Bank of Tilton.

The plaintiff had originally been employed by the defendant, First Deposit National Bank (then known as The Citizens National Bank) from 1966 to 1971, and became Cashier of the bank by 1971. He subsequently left on good terms to work as Vice-President and Treasurer of the Londonderry Bank and Trust Co. (which is not a national bank).

In 1980, the President of Citizens National Bank asked the plaintiff to return to work there and offered as an inducement to him a three-year employment contract under which, should the bank elect to discharge him, he would be paid compensation for a thirty-six month period unless the dismissal was due to fraud, forgery, or other breach of trust on his part. Relying upon the offered terms of the contract, the plaintiff accepted the bank's offer of employment and moved from Londonderry to Tilton.

In January 1982, the defendant terminated the plaintiff's employment without notice (for reasons other than fraud or forgery) and refused to pay the amount stipulated as "compensation" under the contract (thirty-six months compensation at the plaintiff's annual salary rate of $25,000).

The plaintiff filed suit, seeking in six separate counts to enforce his rights under the contract (Count I), to recover damages under RSA 275:44 for unpaid compensation (Count II), and to recover damages for negligent misrepresentation and deceit, attorney's fees, and compensatory damages. The defendant moved to dismiss all counts, claiming that the plaintiff's writ failed to state a cause of action. In January 1984, upon the recommendation of a Master (*Mayland H. Morse, Jr.*, Esq.), the Superior Court (*Dunn*, J.) dismissed the suit. In reaching its decision the superior court relied upon 12 U.S.C. § 24, para. Fifth (1976), which empowers a national bank to "elect or appoint directors, and by its board of directors to . . . dismiss such officers or any of them at pleasure . . . ," and our decision in *McGeehan v. Bank of New Hampshire*, 123 N.H. 83, 455 A.2d 1054 (1983).

In *McGeehan, supra* at 86, 455 A.2d at 1055, we referred to cases in other jurisdictions interpreting 12 U.S.C. § 24, para. Fifth (1976) and observed that "The case law uniformly interprets this section . . . as rendering unenforceable, as against public policy, all contractual provisions which do not allow a national banking association to discharge its officers at will without incurring liability for breach of contract."

The plaintiff would have us distinguish *McGeehan* from the present case because, unlike that involved in *McGeehan*, the contract here permits the immediate discharge of the plaintiff provided only that he is given "severance pay" in the amount of three times his annual salary of $25,000. The defendant, on the other hand, argues that implicit in its power to discharge an officer "at pleasure" is its absolute immunity from any damages that might flow from the officer's termination. We conclude that neither argument is correct.

■ To hold on the one hand that contracts for employment of national bank officers cannot provide for guaranteed salaries for fixed periods of time in contravention of the bank's right to immediately discharge the officer, and on the other hand that such contracts can provide as a condition precedent to discharge that an officer is entitled to 36 months' salary, would be to elevate form over substance and render the language of 12 U.S.C. § 24, para. Fifth meaningless. We hold that the trial court properly dismissed the plaintiff's contract claims set forth in Counts I and II.

■ It does not necessarily follow, however, that because national banks are immune from liability for breach of officer employment contracts, they or their officers are also immune from tort claims arising out of their conduct during the negotiation of such contracts under theories of inducement or detrimental reliance.

Because it is apparent that the trial court, when it ruled upon the defendant's motion to dismiss, did not observe such a distinction, the case is remanded for such discovery as the parties may wish to undertake with respect to the claims relating to deceit and negligent misrepresentation, and for further proceedings consistent with this opinion.

*Reversed in part and remanded.*

All concurred.