949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SUNKYONG AMERICA, INCORPORATED, a New York Corporation,
Plaintiff-Appellant,
v.
The BELL GARDENS BICYCLE CLUB, a joint venture; the Bicycle
Club, Inc., a California Corporation; LCP Associates, a
limited partnership; Park Place Associates, a limited
partnership; George Hardie, an individual; M. Dale Lyon,
an individual; David C. Pierson, an individual; Young A.
Kim, an individual, Defendants-Appellees.
 No. 90-56221.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1991.
Decided Dec. 4, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is a civil RICO action in which the plaintiff, Sunkyong America, Inc. ("Sunkyong"), appeals both from the district court's entry of summary judgment in favor of all but one of the original defendants (collectively, "Bicycle Club"), and from its decision to preclude further discovery. We affirm.
 
 
 3
 RICO imposes criminal and civil liability on those who engage in "a pattern of racketeering activity". 18 U.S.C. § 1962. "[P]attern" is defined as "at least two acts of racketeering activity" occurring within the space of ten years, 18 U.S.C. § 1961(5), while "racketeering activity" consists of state and federal offenses (otherwise known as "predicate acts") listed at 18 U.S.C. § 1961(1).
 
 
 4
 The parties conceded below that the predicate acts alleged against Bicycle Club required a showing of specific intent and that Sunkyong had offered no direct evidence of that intent. Instead, Sunkyong argued that sufficient circumstantial evidence existed to infer specific intent (or at least guilty knowledge) on the part of Bicycle Club. The district court declined to grant summary judgment on this issue, stating:
 
 
 5
 While it is a close question and at best a very thin case, it is possible that a rational jury could find specific intent based on a reckless disregard for the truth theory. A rational jury could conclude that the Bicycle Club did not take the checks in good faith because they deliberately closed their eyes as to any infirmities.
 
 
 6
 CR 150 at 5. We disagree.
 
 
 7
 The essence of Sunkyong's argument is that Bicycle Club knew or reasonably should have known that Young Kim had stolen the nine checks in question because, inter alia, she had gambled and lost a considerable amount of money over the space of several years, she was in debt to "loan sharks" as a result of her addiction, yet always managed to come up with substantial checks after having been "dunned" by Bicycle Club. This argument is meritless.
 
 
 8
 The fact that Mrs. Kim gambled and lost a considerable amount of money over the space of several years does not mean that Bicycle Club should have suspected that any checks she presented were likely to have been stolen. Bicycle Club employees knew Mrs. Kim was married to and allegedly worked for a wealthy Korean businessman, and they had been told that the stolen checks came from him or were the result of Mrs. Kim's own sales. None of the checks in question were made payable to or endorsed by Sunkyong, all were accepted by Bicycle Club in the same condition[1] as when Sunkyong had accepted them, and none were returned for nonpayment. There was no evidence that Bicycle Club or any of its employees knew that the stolen checks were in any way connected with Sunkyong. Finally, by verifying that the checks were good before disbursing any funds against them, Bicycle Club acted in a commercially reasonable manner. In short, Sunkyong failed to offer any evidence, direct or circumstantial, in support of its allegations against Bicycle Club. Accordingly, we conclude that no reasonable jury could have found "specific intent [on the part of Bicycle Club] based on a reckless disregard for the truth theory."[2] Id.
 
 
 9
 With respect to Sunkyong's argument that the district court erred by curtailing further discovery, we note that the hearing on Bicycle Club's motion for summary judgment was held shortly before the scheduled trial date on a well developed record following several months of discovery. More to the point, Sunkyong failed to comply with the dictates of Fed.R.Civ.P. 56(f) in opposing the motion. Under these circumstances, we reject Sunkyong's contention that the district court abused its discretion by precluding further discovery and proceeding with summary judgment. See Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir.1989); Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Except for Young Kim's endorsements on most of them
 
 
 [2]
 Because of our ruling on this point, we need not reach the merits of the district court's analysis of the "continuity requirement" of RICO claims under H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)