46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PERINO'S RESTAURANT, INC., Plaintiff-Appellee,
v.
Harold E. FRANK, et al., Defendants/Appellants.
 No. 92-55356.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Sept. 2, 1993.
Decided: Jan. 31, 1995.
 
 1
 Before: BRUNETTI, KOZINSKI, and BOGGS,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 The underlying facts of this dispute involve a complex quarrel among bankruptcy creditors and debtors. However, the only issue before us is the attempt by one of the parties, a creditor and purchaser of assets, to obtain sanctions against the debtor, Perino's Restaurant, based on litigation initiated by Perino's. The district court refused to award such sanctions after it dismissed Perino's suit; the creditors appeal that dismissal and also seek appellate sanctions because Perino's appealed the district court's dismissal, although it later dismissed its appeal. We hold that the district court did not abuse its discretion in refusing to award sanctions, and that sanctions for filing the appeal are not warranted.
 
 
 4
 * Perino's operated a restaurant on Wilshire Boulevard in Los Angeles, on land and with improvements owned by Harold E. Frank and David Langman, doing business as Hal-David International (hereinafter "Hal-David"). In 1984, Perino's filed for bankruptcy. Various litigation ensued, including litigation involving the security interest held by Wells Fargo in the furniture, fixtures and equipment (FF&E) of Perino's. Wells Fargo foreclosed on the FF&E and sold it to Hal-David. A dispute over these actions was apparently resolved by December 1988, when the bankruptcy court approved a stipulation settling all claims by Perino against Wells Fargo.
 
 
 5
 The instant litigation began in June 1991, when Perino's filed suit in California state court against Hal-David, complaining about the sale of the FF&E. Hal-David cross-complained against Wells Fargo, and Wells Fargo removed the case to federal court. Wells Fargo and Hal-David then filed a motion for summary judgment and for sanctions under Rule 11, Fed. R. Civ. P. The district court issued a very short order, granting the motion for summary judgment and denying the Rule 11 sanctions, without giving specific reasons.
 
 
 6
 Subsequently Perino's filed a notice of appeal, and Hal-David then filed a cross-appeal from the denial of Rule 11 sanctions. On Perino's own motion, Perino's appeal was dismissed and Perino's never filed an opening brief. Hal-David pursued its cross-appeal from the denial of Rule 11 sanctions, however, and requested that Perino's be sanctioned for filing a frivolous appeal, pursuant to 28 U.S.C. Sec. 1927.
 
 II
 
 7
 A district court has very wide latitude in determining when the conduct of counsel violates Rule 11. The Supreme Court has explicitly stated that "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S. Ct. 2447, 2461 (1990). Although the imposition of some sanction is mandatory when the district court finds that Rule 11 was violated, the determination of whether it was violated is a finding of fact to which broad deference is due. The Supreme Court noted several strong reasons for this deference. "Familiar with the issues and litigants, the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." 496 U.S. at 402, 110 S. Ct. at 2459 (1990). It went on to state:
 
 
 8
 Rule 11's policy goals also support adopting an abuse-of-discretion standard. The district court is best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted to serve Rule 11's goal of specific and general deterrence. Deference to the determination of courts on the front lines of litigation will enhance these courts' ability to control the litigants before them. Such deference will streamline the litigation process by freeing appellate courts from the duty of reweighing evidence and reconsidering facts already weighed and considered by the district court ....
 
 
 9
 496 U.S. at 404, 110 S. Ct. at 2460 (1990).
 
 
 10
 In this case, the district court denied the request for sanctions without explicit reasons, but after, in its own words, "considering the moving and opposition papers, arguments of counsel, and all other matters presented to the court ...."
 
 
 11
 However, as this court noted in Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 526 (9th Cir. 1989), even "[a]bsent any findings by the district court, we ... review a denial of Rule 11 sanctions under an abuse of discretion standard." We also reiterate that what we said in Townsend v. Holman Consulting Corp., 914 F.2d 1136, 1144: "... district courts substantially aid the review process by giving thorough explanations of their reasons for imposing sanctions" applies to reasons for denying sanctions as well.
 
 
 12
 Our independent examination of the record does not convince us that this ruling was an abuse of discretion. Although there is considerable material in the record to support a holding that Perino and its attorneys did not litigate in good faith, there is sufficient opposing evidence that the district court did not abuse its discretion in ruling as it did.
 
 III
 
 13
 With respect to the question of sanctions on appeal, Perino's filing of a notice of appeal, while ultimately fruitless, did not "[multiply] the proceedings ... unreasonably and vexatiously," so as to require sanctions under section 1927. Since the appeal was dismissed prior to even the filing of the appellant's initial brief, little or no harm was done to those seeking sanctions.
 
 
 14
 Therefore, the judgment of the district court is AFFIRMED, and the request for sanctions on appeal is DENIED.
 
 
 
 *
 The Honorable Danny J. Boggs, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3