105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel SONG, Plaintiff-Appellant,
v.
Rodney COUNTRYMAN; George Kaiser, M.D.; Mellonese
Harrison; Jame D. Potter; Craig Farwell; Paul
G. Adams; William Valentine; Donna
Caldwell, Defendants-Appellees.
 No. 95-16990.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Song, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Song's 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991), and for abuse of discretion the district court's decision not to permit additional discovery pursuant to Fed.R.Civ.P. 56(f) prior to granting summary judgment, see Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 887 (9th Cir.1996). We affirm for the reasons stated in the report and recommendation of the magistrate judge filed on July 17, 1995, and adopted by the district court on September 13, 1995.
 
 
 3
 Insofar as Song contends that he should have been granted leave to amend his complaint, the district court did not err by denying Song's motion for leave to amend because any attempt to amend would be futile. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 Insofar as Song contends that his Fed.R.Civ.P. 56(f) motion should have been granted, because Song's affidavit did not show how further discovery would reveal information that would raise a genuine issue of material fact as to the denial of due process in his disciplinary hearing, and deliberate indifference to his medical needs, the district court did not abuse its discretion in not allowing Song to conduct discovery before granting summary judgment. See Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir.1989).[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Song contends that the district court made erroneous rulings on defective evidence, because the affidavits complied with Fed.R.Civ.P. 56(e), and the motion to strike was not made within 20 days pursuant to Fed.R.Civ.P. 12(f), the district court did not err
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) to this appeal