122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward F. CROSS, Plaintiff-Appellant,
v.
THE AEROSPACE CORP., Defendant-Appellee.
 No. 96-55826.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the Central District of California John G. Davies, District Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward F. Cross appeals the district court's summary judgment in favor of defendant, The Aerospace Corp., in his action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the California Fair Housing and Employment Act ("FEHA"), Cal. Gov't Code §§ 12900-12996. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Cross contends that the district court lacked jurisdiction over his state claim for violation of FEHA once he abandoned his ADEA claim. This contention lacks merit.
 
 
 4
 "The district court's decision whether to adjudicate pendent state claims following final disposition of all federal claims is reviewed for abuse of discretion." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990). The district court's decision to retain pendent jurisdiction is made by weighing factors such as judicial economy, convenience, fairness, and comity. See id. at 715.
 
 
 5
 Here, Cross's state FEHA and ADEA claims arose from a common nucleus of operative facts: Cross's termination. Once the defendant filed a summary judgment motion as to the state and federal claims, judicial economy and efficiency were served by adjudicating both claims in a single proceeding, particularly because the ADEA claim was not abandoned until Cross filed opposition to the motion. Thus, the district court did not abuse its discretion by adjudicating Cross's pendent state claim. See id.; see also Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 523 (9th Cir.1989) (noting that judicial economy and efficiency well served by retaining jurisdiction over state claims arising from common nucleus of operative facts after federal claim was dismissed)
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3