TMJ HAWAII, INC., a Hawaii corporation, Plaintiff–
Appellant,

v.

NIPPON TRUST BANK, a Japanese corporation, aka Nihon Shintaku Bank; Kelley Drye & Warren, a New York general partnership; Kelley Drye & Warren LLP, a New York limited liability partnership, Defendants–Appellees.

No. 99–15686.
D.C. No. CV–97–01518–HG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2001.

Decided Aug. 15, 2001.

---

Before B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

### MEMORANDUM *

Plaintiff TMJ Hawaii, Inc. ("TMJ") filed an amended complaint in federal court against defendants Nippon Trust Bank and Kelley Drye & Warren LLP in this diversity action, alleging claims for fraud, breach of contract, and breach of profes-

sional and fiduciary duty. The claims arose out of the sale of two properties in Hawaii owned by Ishimura Building Company, Ltd., TMJ's assignor. The district court granted summary judgment for the defendants. TMJ appeals, challenging the district court's denial of its request to continue the motion pursuant to Federal Rule of Civil Procedure 56(f), and the district court's subsequent grant of summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we reverse because the grant of summary judgment was premature.

■ The district court abused its discretion by refusing to allow TMJ additional time under Rule 56(f) to obtain a deposition or affidavit from Mr. Ishimura before ruling on Defendants' summary judgment motion. *See Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 887 (9th Cir.1996) (applying abuse of discretion standard of review). The district court denied the requested continuance on the grounds that TMJ failed to pursue discovery diligently and failed to file a separate Rule 56(f) motion. Although a party's failure diligently to pursue discovery is a proper ground for denying relief under Rule 56(f), *see Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir.1995), it was an abuse of discretion to rule that TMJ had been dilatory. The defendants had yet to file answers to the amended complaint and nine months remained before the cutoff of discovery, *cf. Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920–21 (9th Cir.1997) (denial of continuance might have been a problem if plaintiff had discovery requests outstanding at the time and discovery cutoff was still several months away).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

The district court's denial of the continuance because TMJ failed to file a separate Rule 56(f) motion is also reversible error. Generally, a party opposing a motion for summary judgment on the ground that further discovery is necessary must file a motion pursuant to Rule 56(f). *See Brae Transp., Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir.1986); *Foster v. Arcata Assocs., Inc.,* 772 F.2d 1453, 1467 (9th Cir.1985). Failure formally to move under Rule 56(f), however, is not fatal to a party's argument that summary judgment was premature. *See, e.g., Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1518 (9th Cir.1987) (pending motion to compel discovery sufficient to raise Rule 56(f) consideration). Rule 56(f) requires the party seeking postponement to "show how additional discovery would preclude summary judgment and why [it] cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." *Mackey v. Pioneer Nat'l Bank,* 867 F.2d 520, 523 (9th Cir. 1989).

We find an abuse of discretion here because, although TMJ did not file a separate motion, it nonetheless adequately complied with the requirements of Rule 56(f). TMJ expressly invoked Rule 56(f) in its memorandum in opposition to summary judgment and attached a detailed sworn declaration from counsel explaining the need for additional time and setting forth particular facts expected to be obtained from Mr. Ishimura that would demonstrate genuine issues of material fact with respect to all claims. Thus, TMJ did far more to comply with Rule 56(f) than the plaintiff in *Brae Transportation, Inc.,* whose mere "[r]eferences in memoranda and declarations to a need for discovery" we found inadequate under Rule 56(f),

which "requires affidavits setting forth particular facts expected from the movant's discovery." 790 F.2d at 1443; *cf. also Chance v.. Pac–Tel Teletrac Inc.,* 242 F.3d 1151, 1161 (9th Cir.2001) (plaintiff failed to proffer "sufficient facts to show that evidence which it sought existed and would prevent summary judgment").

Because we hold that the grant of summary judgment was premature under Rule 56(f), we reverse and do not address TMJ's claims regarding the merits. We reverse and remand so that TMJ may have a reasonable opportunity to obtain, at the least, a deposition or affidavit from Mr. Ishimura, in accordance with its request to the district court.

REVERSED and REMANDED.