**Mel M. MARIN, Plaintiff—Appellant,**

v.

**Stephen SHAW, Defendant—Appellee.**

**No. 07–55460.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 6, 2009.

Mel M. Marin, Los Angeles, CA, pro se.

Samy S. Henein, Esq., Suppa, Trucchi & Henein, LLP, San Diego, CA, for Defendant–Appellee.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Mel M. Marin appeals pro se from the district court's summary judgment in his diversity action alleging breach of fiduciary duty and legal malpractice. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Golden W. Ref. Co. v. SunTrust Bank*, 538 F.3d 1233, 1237 (9th Cir.2008). We review for abuse of discretion the district court's refusal to permit further discovery. *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir.1989). We affirm.

The district court properly granted summary judgment because Marin failed to raise a genuine issue as to whether Shaw owed him a legal or fiduciary duty. *See People ex rel. Dept. of Corps. v. SpeeDee Oil Change Sys. Inc.*, 20 Cal.4th 1135, 86 Cal.Rptr.2d 816, 825, 980 P.2d 371 (Cal.Ct. App.1999) ("An attorney represents a client—for purposes of a conflict of interest analysis—when the attorney knowingly obtains material confidential information from the client and renders legal advice or services as a result."); *see also First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 986 (9th Cir.2000) (explaining that duty is an element of a breach of fiduciary duty or legal malpractice claim under California law). Moreover, Marin failed to show how he was damaged by Shaw's conduct. *See Slovensky v. Friedman*, 142 Cal.App.4th 1518, 49 Cal.Rptr.3d 60, 72–73 (2006) (affirming the trial court's summary judgment for defendant in a fiduciary duty and legal malpractice action where the plaintiff failed to establish damages).

The district court did not abuse its discretion by denying Marin's request for additional time to conduct discovery because he had already been given ample time to do so. *See Mackey*, 867 F.2d at 524 (9th Cir.1989) ("A movant cannot complain if [he] fails diligently to pursue discovery before summary judgment.").

The district court properly dismissed without prejudice the claims against the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

federal defendants for improper venue and lack of subject matter jurisdiction. *See* 28 U.S.C. § 1391(e) (instructing that venue is proper where either the defendant or plaintiff resides, or where a substantial part of the events or omissions giving rise to the claim occurred).

The district court properly dismissed without prejudice Marin's claims against defendant Suppa, Trucchi & Henein, LLP because his second amended complaint contained no facts supporting the elements of his claims. *See First Interstate Bank of Ariz.,* 210 F.3d at 986 (outlining elements of a breach of fiduciary duty and legal malpractice claim).

Marin's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.