**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CECELIA A. COOK,

Plaintiff - Appellant,

v.

UNITED AIRLINES, INC., a foreign
corporation; JOHN DOES, 1-10,

Defendants - Appellees.

No. 09-35664

D.C. No. 1:08-cv-03073-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted May 7, 2010[**]
Portland, Oregon

Before: KLEINFELD, BEA and IKUTA, Circuit Judges.

Plaintiff Cecelia Cook appeals the district court's grant of summary

judgment in favor of Defendant United Airlines, Inc.  We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review the district court's grant of summary judgment de novo.  <u>Carmen v. S.F. Unified Sch. Dist.</u>, 237 F.3d 1026, 1029 (9th Cir. 2001). Evidentiary rulings made in the context of summary judgment, including a district court's refusal of a Federal Rule of Civil Procedure 56(f) request to permit further discovery before ruling on a summary judgment motion, are reviewed for abuse of discretion. <u>Mackey v. Pioneer Nat'l Bank</u>, 867 F.2d 520, 523 (9th Cir. 1989).

The district court properly granted summary judgment because Cook offered no competent evidence that the electric shock she allegedly received on the United flight caused her alleged brain injuries.  <u>See</u> <u>Carmen</u>, 237 F.3d at 1028 ("To be cognizable on summary judgment, evidence must be competent.").   Under Oregon law, Cook was required to present some expert evidence that the shock caused her brain injury.  <u>See</u> <u>Uris v. State Comp. Dep't.</u>, 427 P.2d 753, 755 (Or. 1967) ("If the issue turns upon some fact beyond the ken of laymen, expert testimony must be produced." ).

The district court did not abuse its discretion in denying Cook's request for a Rule 56(f) continuance, as she did not "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude

2

summary judgment." <u>Tatum v. City & County of S.F.</u>, 441 F.3d 1090, 1100 (9th Cir. 2006). We reject Cook's argument that the district court did not rule on her Rule 56(f) motion. The district court implicitly ruled on her motion when granting United's motion to stay Cook's requested discovery. <u>See</u> <u>Qualls v. Blue Cross of Cal., Inc.</u>, 22 F.3d 839, 844 (9th Cir. 1994) ("[T]he decision on the Rule 56(f) request need not be explicitly stated.").

**Affirmed.**