**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GARY ATKINS,

               Plaintiff - Appellant,

v.

RAYMOND E MABUS, Jr., Secretary, Department of the Navy,

               Defendant - Appellee.

No. 14-56087

D.C. No. 3:12-cv-01390-GPC-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted June 6, 2016
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges and BENNETT,[**] Senior District Judge.

    Gary Atkins appeals the district court's order granting summary judgment to

Raymond E. Mabus, Jr., Secretary of the Department of the Navy (the Navy), on

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Mark W. Bennett, Senior District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

Atkins' claims for violations of the Privacy Act, 5 U.S.C. § 552a, and denying Atkins' request to enlarge time for discovery. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

1. The district court abused its discretion by refusing to permit further discovery. *See Mackey v. Pioneer Nat. Bank,* 867 F.2d 520, 523 (9th Cir. 1989). Atkins' failure to conduct discovery within the allotted time frame was the result of his counsel's excusable neglect. *See* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time where . . . the party failed to act because of excusable neglect."). During the discovery period, counsel suffered a serious concussion that incapacitated him for weeks and limited his ability to work for months; he also began divorce proceedings. Due to both his impaired state and unrealistic recovery expectations, counsel did not seek assistance from other attorneys at his small law firm to help him comply with the discovery deadline. Although counsel's delay in seeking an extension of the discovery cutoff was lengthy, the delay was medically related and there is no evidence indicating that counsel acted in bad faith or that an extension would have prejudiced the Navy. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (the excusable neglect determination requires courts to "apply a four-factor equitable test, examining: (1) the danger of prejudice to the

2

opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith"); *see also Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.").

Additionally, when, as here, "a case involves complicated questions of law and fact, and a proper resolution of these issues would be advanced by further development of the record in the particular case," summary judgment should not be granted. *In re Rigden*, 795 F.2d 727, 731 (9th Cir. 1986). Atkins invoked an arcane statute to assert claims requiring him to prove that a complex medical records system maintained by the United States military inadequately safeguarded his sensitive medical information. Although Atkins' evidence was deficient in many respects, it was "sufficient to apprise the court that there [was] important and relevant information that could be proffered to defeat the [Navy's summary judgment] motion." 10A Charles Alan Wright & Arthur R Miller, *Federal Practice and Procedure* § 2728 (3d ed. 2016).

2. Because we conclude that additional discovery should be permitted, we do not reach the merits of the district court's summary judgment ruling.

Accordingly, we **REVERSE** and **REMAND** with instructions that the district court reopen discovery for a reasonable period of time.