NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTATE OF JOTENA CARTER; ROBBI
CARTER; TRACI SCOTT; STEPHEN
CARTER,

        Plaintiffs - Appellants,

  v.

CAMBRIDGE SIERRA HOLDINGS, LLC,

        Defendant - Appellee.

No. 24-3071

D.C. No.
5:21-cv-01428-KK-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

Argued and Submitted July 9, 2025
Seattle, Washington

Before: McKEOWN, PAEZ, and SANCHEZ, Circuit Judges.

Plaintiffs, Estate of Jotena Carter, Robbi Carter, Traci Scott, and Stephen

Carter (collectively, the Carters), appeal the district court's grant of summary

judgment to Defendant Cambridge Sierra Holdings (CSH).  In the early days of the

COVID-19 pandemic, Jotena Carter allegedly contracted the virus while under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

care of a nursing home owned and operated by CSH. Ms. Carter's children and estate brought various state claims arising from her death. After removing the action to federal court, CSH moved for summary judgment, and the district court granted the motion on the ground that the Carters failed to meet their burden to produce evidence raising a triable issue on any of their claims. We have jurisdiction under 28 U.S.C. § 1291 and, reviewing de novo, we affirm. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We further conclude that the district court did not abuse its discretion in denying the Carters' request for relief under Federal Rule of Civil Procedure 56(d).

1. The district court properly granted summary judgment to CSH on the Carters' negligence claim because the Carters failed to present any evidence from which a rational jury could conclude that CSH breached its duty of care to Ms. Carter or that such breach proximately caused her death. *See Peredia v. HR Mobile Servs., Inc.*, 25 Cal. App. 5th 680, 687 (2018). CSH demonstrated through depositions of Ms. Carter's children that they did not possess evidence of precisely how their mother contracted and succumbed to COVID-19. This was sufficient to show that the Carters did not "have enough evidence of an essential element [of negligence] to carry [their] ultimate burden of persuasion at trial." *See Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

The Carters further argue that the doctrine of res ipsa loquitor applies to their

claim, such that "circumstantial evidence of negligence is sufficient." *Brown v. Poway Unified Sch. Dist.*, 843 P.2d 624, 627 (Cal. 1993); Cal. Evid. Code § 646(b). While the fact that Ms. Carter tested positive for COVID-19 supports the inference that she came in contact with another person carrying the virus, the Carters have failed to raise a genuine issue of material fact that COVID-19 transmission in March and April 2020 was an "accident . . . of a kind which [is] ordinarily" associated with a negligent act. *Brown*, 843 P.2d at 628; *Vebr v. Culp*, 241 Cal. App. 4th 1044, 1058 (2015).

2. The district court did not abuse its discretion in denying the Carters' request for additional time to conduct discovery under Federal Rule of Civil Procedure 56(d), because the Carters did not act diligently during the discovery period. *See, e.g., Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment."). Neither of the parties initiated discovery for the first seven months of the eight-month discovery period. And even after the district court granted the parties' joint request to extend the discovery cutoff, the Carters continued to delay.

**AFFIRMED.**[1]

---

[1] On appeal, the Carters' opening brief does not address their elder abuse and wrongful death claims, so we do not analyze them. *See Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025).