**FEDERAL INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**The BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a corporation, and Does 1 through 50, inclusive, Defendants**

**No. EDCV 02–1353.**

United States District Court, C.D. California.

July 7, 2003.

---

Mark S. Roth, Cozen & O'Connor, Los Angeles, CA, for Plaintiff.

Leslie G. McMurray, Leslie G. McMurray Law Offices, Valley Village, CA, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PHILLIPS, District Judge.

Burlington Northern and Santa Fe Railway Company's Motion for Summary Judgment came before the Court for hearing on June 30, 2003. After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court GRANTS the Motion.

## I. BACKGROUND

Federal Insurance Company ("FIC") seeks subrogation from The Burlington Northern and Santa Fe Railway Company ("Burlington") for money FIC paid to its insured, Plasser American Corporation ("Plasser"). On February 1, 2001, Plasser was moving a ballast undercutter [1] by train when a rail broke on Burlington's tracks. The derailment damaged the undercutter. (Motion for Summary Judgment ("Mot.") at 2.)

As a result of the derailment, FIC paid Plasser $613,014, for the amount of damages to the ballast undercutter less any applicable deductible. (Complaint ("Compl."), ¶ 8.) Plasser's interests in the payment were assigned to FIC. (*Id.*)

FIC has one claim it alleges that Burlington was negligent in the inspection, maintenance and repair of Track 6694 and that such negligence caused the derailment.[2] (Statement of Uncontroverted

---

1. A ballast undercutter rides on the railroad tracks and removes rocks from beneath the tracks to facilitate maintenance.

2. FIC has separately filed a Motion for Leave to File a Second Amended Complaint which seeks to add an additional claim for breach of contract. As discussed below, this amendment would be futile.

Facts ("Facts"), No. 1.) Burlington argues that FIC's state negligence claim is preempted by the comprehensive track safety standards promulgated by the Federal Railroad Administration ("FRA"). (Mot. at 2.) In the alternative, Burlington seeks partial summary judgment on the following affirmative defenses (1) Burlington was not negligent, and (2) FIC's claim of negligence is preempted by federal law.

FIC filed a Complaint in San Bernardino Superior Court on November 12, 2002. Burlington filed a Notice of Removal on December 12, 2002. Burlington filed a Motion for Summary Judgment on May 30, 2003. Burlington also filed a Statement of Uncontroverted Facts. FIC filed Opposition ("Opp'n") and a Reply to the Statement of Uncontroverted Facts ("Reply to Facts") on June 16, 2003 Burlington filed a Reply ("Reply") on June 23, 2003.

Concurrently, on June 19, 2003, FIC filed an Ex Parte Application for an Order Shortening Time for Hearing a Motion to Amend the Complaint or, in the Alternative, an Order Modifying the Scheduling Order to Allow Later Hearing of the Motion ("Ex Parte Application"). In anticipation of this Ex Parte Application, Burlington filed an Opposition to the Ex Parte Application on the same day. On June 20, 2003, the Court issued an Order denying the Ex parte Application. The same day, FIC filed a Motion for Leave to Amend Complaint which is scheduled for a hearing on July 28, 2003.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law Fed.R.Civ.P. 56(c), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party must show that "under the governing law, there can be but one rea-

sonable conclusion as to the verdict." *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998); *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir.1983). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Where the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. Instead, the moving party's burden is met by pointing out that there is an absence of evidence supporting the non-moving party's case. *Id.*

The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial. Fed.R.Civ.P. 56(e), *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548, *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. The non-moving party must make an affirmative showing on all matters placed in issue by the motion as to which it has the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548, *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. *See also* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 14.144.

A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. In ruling on a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party. *Barlow v.*

*Ground,* 943 F.2d 1132, 1135 (9th Cir. 1991), *T.W. Electrical Serv. Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630–31 (9th Cir.1987).

## III. DISCUSSION

### A. Continuance for Additional Discovery

 FIC argues that the Motion should be continued until after the close of discovery pursuant to Fed.R.Civ.P. 56(f).[3] Rule 56(f) provides for a continuance to permit discovery where a party cannot present facts essential to justify the party's opposition. FED. R. CIV. P. 56(f). Here, FIC argues that it needs additional discovery time to establish the age of Track 6694 and the operating speed of the train at the time of the derailment (Wayland Decl., ¶¶ 3–4.)

This case was filed over seven months ago. FIC has been aware of Burlington's federal preemption argument since its Amended Answer was filed in March 2003. The discovery cut-off is August 22, 2003. The non-discovery motion hearing cut-off, however, is June 30, 2003. According to Burlington, FIC has never once sought any discovery from Burlington. (Reply at 1.) FIC has also failed to respond to Burlington's written discovery requests. (*Id.*) Defense counsel has taken depositions, designated expert witnesses, and served their reports on FIC. (*Id.*) FIC has failed to do the same. FIC has not proffered any reason or argument why it has failed to pursue discovery in this case. It merely argues that it has insufficient information.

"[F]ailure to conduct discovery diligently is grounds for denial of a Rule 56(f) motion." *Pfingston v. Ronan Engineering*

*Co.,* 284 F.3d 999, (9th Cir.2002); *Mackey v. Pioneer Nat'l Bank,* 867 F.2d 520, 524 (9th Cir.1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment"); *Landmark Dev. Corp. v. Chambers Corp.,* 752 F.2d 369, 372 (9th Cir.1985) (concluding that court properly denied Rule 56(f) because the "[f]ailure to take further depositions apparently resulted largely from plaintiffs' own delay").

FIC was clearly aware that the motion deadline was June 30, 2003. It has not provided any excuse or reason for its delay in seeking discovery prior to this deadline. FIC's failure to pursue discovery diligently is not grounds for a continuance.

### B. Statement of Uncontroverted Facts

Pursuant to Local Rule 56–2, Burlington submitted a "Statement of Uncontroverted Facts and Conclusions of Law." Under Local Rule 56–3:

> In determining any motion for summary judgment, the Court will assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Issues" and (b) controverted by declaration or other written evidence filed in opposition to the motion.

Thus, Local Rule 56–3 requires FIC to submit a response to each of Burlington's factual statements, and cite admissible evidence disputing them.

FIC admits Fact No. 6. FIC states that it has insufficient information to admit or deny Facts Nos. 2–5, 7.[4] FIC only disputes

---

**3.** FIC also argues that the Motion should be continued in the interest of judicial economy. This argument is moot in light of the Court's Order denying the Ex Parte Application, and the Court's decision, as discussed below, that amendment to the Complaint would be futile.

**4.** FIC also objects to Facts Nos. 2–5, and Fact No. 7, because it alleges there is inadequate information to determine if Michael Theret is competent to testify as to the specific geography of the track. (Reply to Facts, 2–4.) FIC provides no evidence to the contrary and this

Fact 1 based on its motion to amend. Fact 8 is not a fact, but a legal conclusion.

FIC's objections to Facts Nos. 9–10 are not on point and fail to provide contrary evidence. For example, Fact No. 9 states that no defects were found in Track 6694 during mandated inspections. FIC objects that there is no evidence that the defects were repaired. (Reply to Facts at 5–6.) This is inapposite. Similarly, FIC objects that none of the people relied upon for Fact No. 11 were on the train at the time of the derailment. (Reply to Facts at 6.) Yet FIC proffers no contrary evidence.

Facts Nos. 1–7 are adopted by the Court.

## C. Preemption

FIC alleges that Burlington was negligent in the maintenance, repair, and inspection of Track 6694. (Fact No. 1.)[5] Burlington argues that FIC's claim is preempted by various provisions of the Federal Railroad Safety Act ("FRSA"). Applicable federal regulations may preempt any state "law, rule, regulation, order or standard relating to railroad safety." 49 U.S.C. § 20106 (formerly 45 U.S.C. § 434), 49 C.F.R. § 213.2. *See also,* Track Safety Standards, 63 Fed.Reg. 33992, *99 (June 22, 1998) (codified at 49 C.F.R. Pt. 213).

State common law tort claims, such as negligence, fall within the scope of this pre-emption. 49 U.S.C. § 20106, *Norfolk Southern Ry. Co. v. Shanklin,* 529 U.S. 344, 358–59, 120 S.Ct. 1467, 146 L.Ed.2d 374 (2000) (FRSA pre-empts state tort claim regarding adequacy of signal at railroad crossing), *Easterwood,* 507 U.S. at 664, 113 S.Ct. 1732 (legal duties imposed on railroads by common law fall within scope of Section 20106).

Preemption, however, "will not lie unless it is 'the clear and manifest purpose of Congress.' " *Id.* (quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). In order for Burlington to prevail on a claim that the regulations have pre-emptive effect, it must establish more than that they "touch upon" or "relate to" that subject matter. FIC's negligence claim will be pre-empted only if the federal regulations "substantially subsume" the subject matter of the relevant state common-law claim. *Union Pacific R.R. Co. v. California Public Utilities Comm'n,* —— F.3d ——, ——, 2003 WL 21391674, *8 (9th Cir.2003).

"The FRSA does not merely preempt those state laws which impair or are inconsistent with [Federal Railroad Administration ("FRA")] regulations. It preempts all state regulations aimed at the same safety concerns addressed by FRA regulations." *Burlington Northern Railroad Company v. State of Montana,* 880 F.2d 1104, 1106 (9th Cir.1989).

Here, the maintenance, repair, and inspection of track conditions is directly and comprehensively covered by the FRSA. Part 213 of the FRSA addresses the minimum requirements for track safety standards for: (1) appropriate operating speed limits, § 213.9, (2) gage of the tracks, § 213.53, (3) track alignment, § 213.55; (3) maintenance of track surfaces, § 213.63; (4) ballast, § 213.103; (5) crossties, § 213.109; (6) rail end mismatch,

is clearly contradicted by Mr. Theret's Declaration. (Theret Decl., ¶¶ 1, 3.) Plaintiff's objections are baseless.

5. Although this is the only claim in the Complaint, it appears from FIC's request for additional discovery that FIC intends to allege

that Burlington was negligent because the train was traveling at an excessive speed. A claim of excessive speed is clearly preempted. *CSX Transportation, Inc. v. Easterwood,* 507 U.S. 658, 675, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993).

§ 213.115; (7) rail joints, § 213.121, and (8) rail fastening systems, § 213.127.

The FRSA not only mandates the frequency and manner of inspecting the tracks to detect deviations, but it mandates who is qualified to perform these inspections 49 C.F.R. §§ 213.7, 213.233. This is precisely the subject matter of FIC's negligence claim; thus, it is preempted.

FIC contends that its negligence claim is not preempted by the FRSA because the purpose of tort law is "to compensate injured plaintiffs, not to regulate the railroad industry." (Opp'n at 5.) The express purpose of the federal regulations, however, is "to promote safety in every area of railroad operations and reduce rail-related accidents and incidents." 49 U.S.C. § 20101. This is consistent with, rather than contrary to, tort principles.

### D. Negligence

■ Even if FIC's claim was not preempted, FIC's negligence claim fails. Burlington submits ample evidence that it complied with the FRSA. There is no indication that it was responsible for the derailment or negligent in maintaining the tracks. FIC's Opposition states that the "rail was very old, of a gage too small for the mainline track, and had defects that had been detected on [Burlington] runs." (Opp'n 2.) Yet FIC fails to proffer admissible evidence in support of these conclusory allegations. In fact, FIC does not present any contradictory evidence. Since there is no genuine issue of material fact regarding Burlington's negligence, summary judgment is warranted.

### E. Motion for Leave to Amend Complaint

■ FIC seeks leave to amend its Complaint to add a claim for Breach of Contract. This claim is based on the following provision of the contract between Plasser and Burlington:

*Loss or Damage to Property of Contractor*

Should damage to the property of Contractor occur while the Equipment is in operation, not in operation, or at any other time while such apparatus and Equipment is on the lines or on the property of Railroad under this Agreement, all such loss or damage, regardless of cause, shall be assumed by Contractor unless such loss or damage was solely caused by the sole negligence, intentional misconduct or gross negligence of Railroad.

(Theret Decl., Exh. B, Contract at 6.)

Burlington's liability is premised on whether or not it was solely negligent. Thus, it is related to FIC's negligence claim. Since, as discussed above, the state negligence claim is preempted and would otherwise fail, the addition of the contract claim would be futile FIC's Motion for Leave to Amend the Complaint is vacated.

### IV. CONCLUSION

For the aforementioned reasons, Burlington's Motion for Summary Judgment is GRANTED. FIC's Motion for Leave to Amend the Complaint would be futile and is thus VACATED.