Alan J. MISHLER, M.D., Plaintiff—Appellant,

v.

M. Ronald AVERY, Jr., M.D., Richard Baker, M.D., Anthony J. Carter, M.D., Kathleen Ebner, Theodore Jacobs, M.D., Ikram U. Khan, M.D., Nevada Medical Examiners Board, Eva G. Simmons, Robert C. Clift, M.D., Defendants—Appellees.

No. 02–17508.

D.C. No. CV–87–00195–ECR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Feb. 20, 2004.

Day R. Williams, Carson City, NV, David H. Miller, Esq., King & Greisen, LLP, Denver, CO, for Plaintiff–Appellant.

Stephen D. Quinn, AGNV—Office of the Nevada Attorney General, Carson City, NV, Albert F. Pagni, Jones Vargas, Melissa P. Barnard, Reno, NV, for Defendants–Appellees.

Before BRIGHT,[*] D.W. NELSON, and RYMER, Circuit Judges.

## MEMORANDUM[**]

Alan J. Mishler, M.D. appeals from the district court's[1] order granting summary judgment in favor of former members[2] of the Nevada State Board of Medical Examiners (the Nevada Board). Mishler also appeals from the district court's denial of Mishler's motion to amend his complaint to add the Nevada Board's executive director as a new defendant, and from the district court's refusal to modify its scheduling order to extend discovery. We affirm the district court in all respects.

## I. Discussion

The parties know the facts and procedural history of this action, so we discuss them only as necessary to explain our disposition. This litigation began in 1987, when Mishler brought a 42 U.S.C. § 1983 action against the Nevada Board Members and other parties not subject to this appeal. Mishler alleged that the Nevada Board Members willfully delayed their response to the Ohio Board of Medical Examiners (the Ohio Board), which had requested information about Mishler's licensure status in Nevada. Mishler further alleged that Kathleen Lewis, the Nevada Board's executive director at the time, deliberately provided false information to the Ohio Board, and that the Nevada Board Members knew of and condoned Lewis's misstatements.

The district court granted summary judgment to the Nevada Board Members because Mishler had presented no evidence indicating their personal participation in the late response to the Ohio Board. To succeed on his § 1983 claim, Mishler could not rest on a theory of vicarious liability but needed to show that the Nevada Board Members performed illegal acts themselves. *See Jones v. Williams*, 297 F.3d 930, 934–35 (9th Cir.2002) (Reed, J.); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Having reviewed the rec-

---

[*] The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Honorable Edward C. Reed, Jr., United States District Judge for the District of Nevada.

2. Mishler named M. Ronald Avery, Jr., M.D., Theodore Jacobs, M.D., Anthony J. Carter, M.D., Richard Baker, M.D., Ikram U. Khan, M.D., Kathleen Ebner, Eva G. Simmons, and Robert C. Clift, M.D. (collectively, "Nevada Board Members") as appellees.

ord de novo, *see T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987) (D.W.Nelson, J.), we conclude that Mishler has failed to present evidence that might raise a genuine issue of material fact showing the Nevada Board Members' personal participation in the alleged illegal delay or oversight of Lewis. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (standard of review). Therefore, we affirm the district court's summary judgment in favor of the Nevada Board Members.

The district court rejected Mishler's 1997 attempt to add Lewis as a defendant after the applicable two-year statute of limitations had run. A plaintiff may add a defendant to a lawsuit when the statute of limitations has run only by complying with Fed.R.Civ.P. 15(c).[3] *See G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1501 (9th Cir.1994). Mishler has failed to show that Lewis would not suffer prejudice from her late addition to the action, and he has also failed to show that she knew or should have known that she was the proper party for his action. *See* Fed.R.Civ.P. 15(c)(3). As a result, we hold that the district court did not abuse its discretion by denying Mishler's motion to add Lewis as a defendant. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990) (standard of review).

Finally, we note that district courts enjoy wide leeway in their control of the pace of pre-trial litigation. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002). The district court provided 120 days for discovery, and Mishler's failure to put that time to effective use resulted largely from his own negligent misunderstanding of discovery procedures. Mishler had the burden to show "good cause" for his request, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), a burden he offered no evidence to support. Especially in light of the extremely lengthy history of the litigation, we see no abuse of discretion in the district court's refusal to modify its discovery schedule. *See Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir.1989) (standard of review). We hold in favor of the Nevada Board Members on this issue.

## II. Conclusion

For the reasons stated above, we affirm the district court's pre-trial orders declining to modify the discovery schedule and declining to permit Mishler to add Lewis as a defendant. We also affirm the district court's grant of summary judgment in favor of the Nevada Board Members.[4] After nearly seventeen years of litigation, this case needs to come to an end.

AFFIRMED.

---

**3.** The relevant provision of Fed.R.Civ.P. 15(c) provides the following:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when ...

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if ..., within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

**4.** We deem Mishler to have abandoned his state-law claim of intentional infliction of emotional distress, which he neither briefed nor argued on appeal.