**UNITED STATES of America,**

v.

**Honore M'BIYE, Appellant.**

No. 80–2368.

United States Court of Appeals, District of Columbia Circuit.

Argued March 27, 1981.

Decided May 13, 1981.

Richard A. Friedman (appointed by this court) for appellant.

---

A. Carlos Correa, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, Michael W. Farrell, and Richard L. Beizer, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees.

Before WRIGHT and WILKEY, Circuit Judges, and CORCORAN,* Senior District Judge.

Opinion PER CURIAM.

PER CURIAM:

Appellant, Honore M'Biye, seeks reversal of his convictions on three counts of providing false information on loan applications made to federally insured banks, in violation of 18 U.S.C. § 1014 (1976), Appellant's sole attack upon the convictions is that the District Court erred when it admitted into evidence a document purporting to show that he was not employed as he had represented on the loan applications. We affirm the judgment of the District Court.

Appellant, a native of Zaire, entered this country under a visa in 1979. He maintains that, during the period covered by the indictment, he was employed as a consultant for the United States Industrial Development Organization, a United Nations (U.N.) affiliate organization headquartered in Vienna, Austria. Appellant made the allegedly false statements in connection with applications for credit at the National Bank of Washington, the Hemisphere National Bank, and the Riggs National Bank on February 21, April 30, and June 16, 1980, re-

spectively. In each case, appellant represented that he was employed by the U.N.

At trial, the principal evidence offered by the government to show that appellant lied about his employment status was an affidavit[1] executed by Mr. Kuo-ho Chang [hereinafter the "Chang affidavit"]. Mr. Chang is Chief of Staff Services, Division of Personnel Administration, Office of Personnel Services of the United Nations Secretariat. The Chang affidavit stated, *inter alia*, that Mr. Chang, as the responsible officer, had caused a search to be conducted of U.N. and UNIDO personnel files and that the search "did not uncover any indication that [Mr. M'Biye] had actually been employed" by either organization. Appellant objected that the Chang affidavit was inadmissible hearsay. The government urged admissibility under a number of exceptions to the hearsay rule[2] and the document was admitted into evidence.

On appeal, in support of its contention of admissibility, the government relies only upon the exception found in Federal Rule of Evidence 803(10). Rule 803 provides in part:

The following are not excluded by the hearsay rule even though the declarant is available as a witness:

. . . .

(10) *Absence of public record or entry.* To prove the absence of a record, report, statement, or data compilation, in any form, or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation, in any form, was regularly made and pre-

---

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292(a) (1976).

1. The affidavit is attached hereto as an appendix.

2. A simpler proffer, and one suggested by the government on this appeal, might have been that the Chang affidavit was not hearsay at all. The Advisory Committee's Note accompanying Exception 7 under Federal Rule of Evidence 803 comments that a statement of the absence

of a business entry or record is "probably not hearsay as defined in Rule 801...." The logic of the Committee's suggestion might well be extended to a statement of the absence of a record of a public office or agency, the subject of Exception 10 under Rule 803. *See United States v. Lee,* 589 F.2d 980, 987 (9th Cir.), *cert. denied,* 444 U.S. 969, 100 S.Ct. 460, 62 L.Ed.2d 382 (1979). However, in light of the government's reliance upon Federal Rule 803(10), we find it unnecessary to decide whether or not the Chang affidavit is, technically, hearsay.

served by a public office or agency, evidence in the form of a certification in accordance with rule 902, or testimony, that diligent search failed to disclose the record, report, statement, or data compilation, or entry.

We conclude that the U.N. satisfies the threshold requirement of Rule 803(10) that it be a "public office or agency." We do not agree with appellant's contention that the term "public office or agency" must be limited to the specific domestic entities listed in Rule 902(1). Unlike that provision, Rule 803(10) is not by its terms or by implication limited to "domestic" public entities. Logic supports the conclusion we reach on this preliminary concern. The U.N. is an organization composed of nation members. It would defy reason to suppose that such an organization, constituted of public entities of the highest political order, would not itself be a public agency. Accordingly, we conclude that the U.N. is a "public office or agency" within the meaning of Rule 803(10).

In light of that conclusion, we agree that rule 803(10) provides a valid vehicle for admission of the Chang affidavit if supported by "certification in accordance with Rule 902."

Rule 902 classifies several types of documents which need no independent evidence of authenticity to be admissible in evidence.

To satisfy the Rule 803(10) requirement that the certification of absence of records be self-authenticating under Rule 902, the government suggested in its brief and more directly at oral argument that the Chang affidavit fits within the parameters of Rule 902(2). Rule 902(2) deems to be self-authenticating "[d]omestic public documents not under seal," but, by a reference to Rule 902(1), it is expressly limited to documents "purporting to bear the signature . . . of an

officer or employee of ['the United States, or any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or a political subdivision, department, officer, or agency thereof']."

We are unable to accept the government's contention that either the U.N. or UNIDO is included among the specific domestic entities listed in Rule 902(1).[3] However, we do find that the Chang affidavit fits squarely within Rule 902(8) which grants self-authenticating status to "[d]ocuments accompanied by a certificate of acknowledgement executed in the manner provided by law by a notary public or other officer authorized to take acknowledgements." The Chang affidavit was executed and sworn to before a notary public of the State of New York, in accordance with the law of the state. See N.Y. Executive Law § 137 (McKinney 1972). Accordingly, the Rule 803(10) requirement of evidence "in the form of a certification in accordance with Rule 902" was satisfied, and the Chang affidavit was properly admitted into evidence.

The convictions on all three counts of the indictment are accordingly

*Affirmed.*

## APPENDIX

UNITED NATIONS [EMBLEM]
NATIONS UNIES

POSTAL ADDRESS—ADRESSE
POSTALE UNITED NATIONS,

N.Y. 10017

CABLE ADDRESS—ADRESSE TELE-
GRAPHIQUE UNATIONS
NEW YORK

Reference.

---

**3.** Neither, obviously, is a document produced by the U.N. or its affiliate a "[f]oreign public document" under Rule 902(3).

## AFFIDAVIT

I, Kuo-ho Chang, Chief of Staff Services, Division of Personnel Administration, Office of Personnel Services of the United Nations Secretariat hereby certify that

1. In my capacity as Chief of Staff Services I am familiar with and responsible for the personnel records of the United Nations Secretariat maintained on a regular basis in the ordinary course of administering the staff employed by the United Nations.

2. In my official capacity I have caused a thorough and diligent search to be made of the personnel records of the United Nations Secretariat proper, and of the records maintained for the subsidiary organs of the United Nations known as the United Nations Development Programme and the United Nations Industrial Development Organization. The objective of the search was to establish whether these personnel records indicate that Mr. Honore Emanual M'Biye is or has been employed as a staff member of the United Nations.

3. The search of the personnel records has uncovered a letter (in French), dated 18 October 1978 from Mr. M'Biye addressed to the Director, Office of Personnel Services, United Nations Secretariat, New York, in which Mr. M'Biye asks to be considered for a number of vacant posts. The records also contain a reply from the Secretariat Recruitment Service, Office of Personnel Services, in the form of a printed form letter dated 29 November 1978, in which Mr. M'Biye is advised that he should fill in and return an application form (copy of which was enclosed) in order for his qualifications to be properly evaluated.

4. The search of the personnel records of the United Nations Secretariat proper, of the United Nations Development Programme and of the United Nations Industrial Development Organization did not bring forth any other reference to Mr. M'Biye and, in particular did not uncover any indication that he had actually been employed.

/s/ Kuo-ho Chang

KUO–HO CHANG

Sworn to before me this 19th day of September 1980

STATE OF NEW YORK )
) ss
COUNTY OF NEW YORK )

Kuo-ho Chang did personally appear before me and in my presence this 19th day of September 1980 did execute the foregoing instrument.

/s/ Nils Hanson

NILS HANSON

NOTARY PUBLIC STATE OF NEW YORK

No. 60–6764225

Qualified in Westchester County

Commission Expires March 30, 1982