FILED

NOV 10 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   CC-14-1579-KuDTa |
| ) | |
| ALLANA BARONI, ) | Bk. No.   12-10986 |
| ) | |
| Debtor. ) | Adv. No.   13-01071 |
| _____) | |
| ) | |
| ALLANA BARONI, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| WELLS FARGO BANK, N.A., as ) | |
| Trustee for Structured ) | |
| Adjustable Rate Mortgage Loan ) | |
| Trust Mortgage Pass-through ) | |
| Certificates, Series 2005-17, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on September 24, 2015
at Malibu, California

Filed – November 10, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Alan M. Ahart, Bankruptcy Judge, Presiding

Appearances:     Louis J. Esbin argued for appellant Allana Baroni;
Bernard Kornberg of Severson & Werson argued for
appellee Wells Fargo Bank, N.A., as Trustee.

Before: KURTZ, DUNN and TAYLOR, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

The debtor Allana Baroni[1] appeals from the bankruptcy court's summary judgment in favor of Wells Fargo Bank, N.A., as trustee for a mortgage securitization trust. In granting summary judgment, the bankruptcy court determined that there was no genuine factual dispute that Wells Fargo possessed the original promissory note indorsed in blank, so Wells Fargo qualified as a person entitled to enforce the note and hence had standing to file a proof of claim in Baroni's bankruptcy case.

Allana asserts that Wells Fargo did not demonstrate that it had a right to enforce the note. We disagree. The uncontroverted evidence presented with Wells Fargo's summary judgment motion established that Wells Fargo was in possession of the original note, indorsed in blank, and hence Wells Fargo qualified as a person entitled to enforce the note. Thus, the bankruptcy court correctly determined that Wells Fargo had standing to file the proof of claim. Allana also asserts that Wells Fargo's claim is unsecured, that the assignment of deed of trust accompanying Wells Fargo's proof of claim was invalid. Again, we disagree. Allana presented no evidence that would have permitted a reasonable trier of fact to conclude that the assignment of deed of trust was invalid.

Accordingly, we AFFIRM.

**FACTS**

In May 2005, Allana and her husband James purchased a

---

[1]For the sake of clarity, we refer to Allana and her husband James Baroni by their first names. No disrespect is intended.

2

condominium in Henderson, Nevada. To finance that purchase, the Baronis executed a note in the approximate amount of $675,000 and a deed of trust securing repayment of the note.

Allana does not deny that she is liable for repayment of the Henderson note, but she claims she is not certain **who** she is obliged to pay. She also claims that Wells Fargo is not the beneficiary's successor in interest under the Henderson deed of trust.

In February 2012, Allana commenced her bankruptcy case by filing a voluntary chapter 13[2] petition. Later that same month, she voluntarily converted her case from chapter 13 to chapter 11. In June 2012, Wells Fargo filed a proof of claim asserting a secured claim in Allana's bankruptcy case in the approximate amount of $800,000. Wells Fargo attached to the proof of claim the following documents: (1) itemized statements of interest, fees, expenses and charges accrued on the loan; (2) a copy of the Henderson note, which included an indorsement in blank on the face of the note's signature page; (3) a copy of the Henderson deed of trust with a recording stamp reflecting that the deed of trust was recorded in the Clark County Recorder's Office; and (4) a copy of an assignment of deed of trust executed by a Khadija Gulley on behalf of Mortgage Electronic Registration Systems, Inc. (MERS) in favor of Wells Fargo with a recording

---

[2]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure, and all "Evidence Rule" references are to the Federal Rules of Evidence.

stamp reflecting that the assignment was recorded in the Clark County Recorder's Office.

In April 2013, Allana obtained an order confirming her second amended reorganization plan. In relevant part, Allana set forth in her disclosure statement and plan that she disputed and objected to Wells Fargo's proof of claim but that, to the extent the bankruptcy court ultimately allowed any claim secured by the Henderson property, she would pay the holder of that allowed claim in accordance with the terms of her plan.

That same month, Allana filed her complaint against Wells Fargo. In the complaint, Allana in essence alleged that Wells Fargo's proof of claim did not establish that Wells Fargo is the holder of the Henderson note, the owner of the Henderson note, or the successor to the beneficiary under the Henderson deed of trust. Allana further complained that the alleged sale of the Henderson note to Wells Fargo was inconsistent with information she had received from third parties regarding who is the note's owner and who is the note's investor and that the alleged sale violated the terms of the trust agreement pursuant to which Wells Fargo supposedly was acting as trustee. Allana also posited that the assignment of deed of trust was invalid because: (1) there was no proof the assignment's signatory – Khadija Gulley – was authorized to execute the assignment on behalf of MERS; and (2) the timing and manner of the assignment violated the terms of the trust agreement.

Based on these allegations, Allana's complaint included a claim for declaratory relief seeking a judicial determination as to whether Wells Fargo's proof of claim should be allowed or

4

disallowed and whether that claim was secured or unsecured. The complaint also included a claim for relief alleging that Wells Fargo would be unjustly enriched if its claim were allowed in the absence of proof that Wells Fargo was entitled to enforce the Henderson note and deed of trust. The complaint's third claim for relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., alleged that Wells Fargo had falsely represented that it was entitled to enforce the Henderson note and deed of trust by filing the proof of claim.[3] Allana's fourth and final claim for relief, based on all of the same allegations, set forth a claim under California's unfair competition law, Cal. Bus. & Profs. Code § 17200, et seq.

Wells Fargo sought dismissal of Allana's complaint under Civil Rule 12(b)(6), but the bankruptcy court denied Wells Fargo's dismissal motion. Wells Fargo then filed an answer to Allana's complaint in November 2013, and close to a year later, in September 2014, Wells Fargo filed its summary judgment motion.

Wells Fargo supported its summary judgment motion, in part, with the declaration of one of its attorneys, Adam Barasch. Barasch stated that, on behalf of his client Wells Fargo, he was in possession of the original note and original deed of trust. Barasch also stated that the copy of the Henderson note attached as Exhibit A to the declaration of A.J. Loll (also submitted with

---

[3]The FDCPA claim also alleged that Wells Fargo has misrepresented the amount due on the note and has falsely failed to credit Allana for all of the payments she has made. Allana has abandoned these issues by not addressing them in her opening appeal brief. Christian Legal Soc'y v. Wu, 626 F.3d 483, 487–88 (9th Cir. 2010); Brownfield v. City of Yakima, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010).

Wells Fargo's summary judgment motion) is a true copy of the original note in his possession. Barasch further stated that, in October 2013, Allana and her counsel personally inspected the original Henderson note and original Henderson deed of trust.

In October 2014, Allana filed her opposition to Wells Fargo's summary judgment motion, in which she largely reiterated the same assertions she had made in her complaint. In support of her claim that Wells Fargo had not submitted competent evidence to establish that it was either the holder of the note or the owner of the note, Allana formally made several different evidentiary objections to both the Barasch declaration and the Loll declaration, which objections the bankruptcy court never addressed.

Allana further contended that she was not given adequate opportunity to conduct discovery. In support of this contention, Allana referenced certain examinations and document requests she had sought under Rule 2004 from Wells Fargo and others before she filed her adversary proceeding against Wells Fargo. According to Allana, none of the responding parties fully complied with her Rule 2004 examination and document requests. Allana did not identify what efforts, if any, she had made to conduct or compel discovery during the roughly 18 months that elapsed between the filing of her complaint and the filing of her summary judgment opposition.

After holding a hearing at which both parties submitted without oral argument, the bankruptcy court entered an order granting summary judgment to Wells Fargo. The order set forth the court's reasoning. According to the court, Wells Fargo had

6

established that it had possession of the original Henderson note, indorsed in blank, so Wells Fargo was a "person entitled to enforce" the Henderson note under Uniform Commercial Code § 3-301 and hence had standing to file a proof of claim based on the Henderson note. Even if Wells Fargo had not qualified as the holder of the note, the court reasoned, Wells Fargo had established that it possessed the note as trustee of a securitization trust and that Wells Fargo owned the Henderson note as trustee of that trust. Thus the court held that Wells Fargo had alternately established that it was "a nonholder in possession of the instrument who has the rights of a holder" under Uniform Commercial Code § 3-301.

Based on its analysis of Wells Fargo's rights in relation to the Henderson note, the bankruptcy court concluded that, as a matter of law, Allana could not prevail on any of her claims for relief. As an additional ground for denying relief on Allana's unjust enrichment claim, the bankruptcy court held that Allana's action was an action based on contract and that unjust enrichment was not available in an action based on contract. As additional grounds for denying relief on Allana's Fair Debt Collection Practices Act claim, the bankruptcy court held that Wells Fargo was not a debt collector within the meaning of the Act, that the Act only applied to consumer debts and that the debt secured by the Henderson property was not a consumer debt.

On December 15, 2014, Allana timely filed her notice of appeal from the bankruptcy court's summary judgment.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C.

7

§§ 1334 and 157(b)(2)(B) and (C). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court correctly grant summary judgment in favor of Wells Fargo?

**STANDARD OF REVIEW**

We review de novo the bankruptcy court's summary judgment ruling. Wank v. Gordon (In re Wank), 505 B.R. 878, 886 (9th Cir. BAP 2014).

**SUMMARY JUDGMENT STANDARDS**

Because we review summary judgment rulings de novo, we utilize the same summary judgment standards as other federal courts use. Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (9th Cir. BAP 1995), aff'd, 100 F.3d 110 (9th Cir. 1996). Pursuant to Civil Rule 56(a), which is made applicable in adversary proceedings by Rule 7056, summary judgment may be appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." In re Wank, 505 B.R. at 886. In considering summary judgment, the court is not permitted to weigh the evidence; instead, it only may determine whether a genuine and material factual issue remains for trial. Id. An issue is genuine if there is enough evidence for a reasonable trier of fact to make a finding in favor of the non-moving party, and an issue is material if it might affect the outcome of the case. Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 992 (9th Cir. 2001) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986)).

The initial summary judgment burden rests on the moving

8

party. In re Wank, 505 B.R. at 886. Once the moving party has presented facts as undisputed and has presented admissible evidence in support of those facts, the non-moving party may be deemed to have admitted those facts for summary judgment purposes unless he or she specifically challenges those facts and presents controverting evidence in support of his or her position. See Beard v. Banks, 548 U.S. 521, 527 (2006); see also 10A Charles A. Wright, Arthur R. Miller, et al., FED. PRAC. & PROC. CIV. § 2727 (3d ed. 2015) ("If the movant presents credible evidence that, if not controverted at trial, would entitle him to a Rule 50 judgment as a matter of law that evidence must be accepted as true on a summary-judgment motion.").

**DISCUSSION**

At the heart of Allana's complaint is her allegation that Wells Fargo lacked standing to file its proof of claim, an issue on which resolution of this appeal largely turns. Allana sometimes refers to this as a problem of standing and sometimes as a problem of who qualifies as the real party in interest under Civil Rule 17(a). In In re Veal, this Panel explained that who has standing and who is the real party in interest are legally distinct issues. See Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 907-08 (9th Cir. BAP 2011). At the same time, in the context of a proof of claim based on a promissory note, we effectively held in In re Veal that the distinction between the two issues is irrelevant because a claimant who is a person entitled to enforce the note satisfies both the standing and real party in interest requirements, and a claimant who is not a person entitled to enforce the note

9

satisfies neither requirement. Id at 920.

Similar standing and real party in interest issues have been addressed in a number of published and unpublished Panel decisions over the last several years. See, e.g., Allen v. U.S. Bank, N.A. (In re Allen), 472 B.R. 559, 565 (9th Cir. BAP 2012); In re Veal, 450 B.R. at 897; see also Rivera v. Deutsche Bank Nat'l Trust Co. (In re Rivera), 2014 WL 6675693, at *6-7 (9th Cir. BAP Nov. 24, 2014) (Mem. Dec.); Green v. Waterfall Victoria Master Fund 2008-1 Grantor Trust Series A (In re Green), 2012 WL 4857552, at *6-7 (9th Cir. BAP Oct. 15, 2012) (Mem. Dec.); cf. Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100, 105 (9th Cir. BAP 2011) (focusing on creditor standing issue in the context of a relief from stay motion). In In re Allen and in In re Veal, we generally held that a party is entitled to file a proof of claim based on a secured promissory note if that party is a "person entitled to enforce" the note under § 3-301 of the Uniform Commercial Code ("UCC").[4] In re Allen, 472 B.R. at 565;

---

[4]Because the Henderson note and deed of trust apparently were signed in California, payment of the note originally was supposed to be made in California and Allana at all relevant times has resided in California, California's version of the UCC would appear to apply for purposes of determining the parties' rights and duties with respect to the note. See UCC § 1-301(b); Barclays Discount Bank Ltd. v. Levy, 743 F.2d 722, 725 (9th Cir. 1984); see also In re Veal, 450 B.R. at 921 n.41 (applying Arizona's counterpart to UCC § 1-301(b) under similar circumstances). For purposes of resolving this appeal, there is no material difference between the uniform version of the UCC and California's version of the UCC. Meanwhile, the deed of trust identifies federal law and the law of the jurisdiction in which the Henderson property is located as the governing law. Thus, Nevada law would appear to govern interpretation and enforcement of the deed of trust. Id.

10

In re Veal, 450 B.R. at 902. There are several ways a party may become a person entitled to enforce the note under UCC § 3-301, but one common way is for the person to become a "holder" of the note, as defined in UCC § 1-201(b)(21)(A). In re Allen, 472 B.R. at 565; In re Veal, 450 B.R. at 910-11. As set forth in UCC § 1-201(b)(21)(A), a "holder" includes a "person in possession of a negotiable instrument that is payable . . . to bearer . . . ." And a negotiable instrument is payable to the bearer when it is indorsed in blank. See UCC § 3-205(b) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."); see also In re Allen, 472 B.R. at 567.[5]

Wells Fargo claims to have possession of the Henderson note indorsed in blank and thereby claims to be a holder of the note and hence a person entitled to enforce the note. Allana claims that Wells Fargo's possession of the Henderson note indorsed in blank would be insufficient by itself to support the assertion that Wells Fargo is entitled to enforce the note. According to Allana, Wells Fargo also must establish who owns the note. Allana is incorrect. As the plain language of UCC § 3-301 provides, "[a] person may be a person entitled to enforce the

---

[5]The reasoning of the bankruptcy court and the arguments of both parties have at all times assumed that the Henderson note qualifies as a negotiable instrument within the meaning of UCC § 3-104(a). Consequently, any issue regarding whether UCC Article 3 applies to the Henderson note has been forfeited. See Golden v. Chicago Title Ins. Co. (In re Choo), 273 B.R. 608, 613 (9th Cir. BAP 2002).

11

instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."[6]

As we explained at length in In re Veal, so long as Allana knows that if she pays Wells Fargo she has satisfied the debt, Allana should be indifferent as to who ultimately is determined to be the owner of the note. In re Veal, 450 B.R. at 910, 912 & n.27; see also id. at 913, 919. Put another way, if Wells Fargo has established it is a person entitled to enforce the note, then Wells Fargo has provided Allana with the requisite assurance that her plan payments on account of Wells Fargo's claim will satisfy the debt, in accordance with UCC § 3-602. See In re Veal, 450 B.R. at 910.

The uncontroverted evidence in the summary judgment record establishes that Wells Fargo's attorney Adam Barasch is in possession of the original Henderson note indorsed in blank. Allana argues on appeal that a copy of the Henderson note she had obtained under the Real Estate Settlement Procedures Act differed from the copy of the note Wells Fargo attached to its proof of claim. According to Allana, these differences included: (1) the absence (or redaction) of the loan number from the proof of claim note copy; (2) the absence of a prepayment penalty addendum from the proof of claim note copy; and (3) the presence of an indorsement on the signature page of the proof of claim note copy. We are not persuaded that any of these differences casts

---

[6]In support of her position, Allana relies on Leyva v. Nat'l Default Servicing Corp., 255 P.3d 1275 (Nev. 2011). Leyva is inapposite. In Leyva, the creditor had possession of the original note, but the note was **not** indorsed. Id. at 1281.

12

any genuine doubt that the proof of claim note copy is a true copy of the Henderson note.

More importantly, the differences between the copies Allana references in no way controvert Barasch's declaration testimony that he holds the original note and that the original note looks exactly like the copy attached to the Loll declaration. Allana attacked Barasch's declaration on a number of evidentiary grounds including hearsay, lack of foundation and lack of personal knowledge, but these grounds are meritless to the extent Allana seeks to challenge Barasch's assertion that he is in possession of the original Henderson note. Barasch is competent to employ his powers of personal observation to assess whether he is in possession of an original document. See Evidence Rule 602 and accompanying Advisory Committee Notes. Barasch also is competent to compare the original note in his possession to the copy attached to the Loll declaration and to declare whether the Loll declaration note copy is identical to the original. Id. Barasch, of course, cannot attest to the authenticity of Allana's signature and James's signature on the Henderson note, but Barasch does not need to. Signatures on negotiable instruments are presumed to be authentic and authorized, and Allana has not presented any evidence to overcome that presumption. See In re Stanley, 514 B.R. 27, 39 (Bankr. D. Nev. 2012)(citing UCC §§ 1-206 & 3-308).

Allana also attacks the indorsement on the face of the note's signature page, but indorsement signatures, like note signatures, are presumed to be both authentic and authorized. Id. Nor is there any requirement for the indorsement to be

13

dated. <u>See</u> <u>id.</u>

Tellingly, Allana has not challenged or disputed in any way Barasch's declaration testimony that Allana and her counsel inspected the original note in Barasch's possession. Allana never sought to introduce any testimony from herself or her counsel that there were any irregularities or doubts about the original note they inspected – a note that Allana had executed.

In short, the uncontroverted evidence, not subject to any meritorious evidentiary objection, establishes that Wells Fargo's attorney Adam Barasch is in possession of the original Henderson note indorsed in blank. Under <u>In re Allen</u> and <u>In re Veal</u>, this is sufficient to establish Wells Fargo's standing to file its proof of claim based on the Henderson note.

Having established its standing and having substantially complied with all of the requirements for filing a proof of claim under Rule 3001, Wells Fargo is entitled to the presumption that its claim is valid as set forth in Rule 3001(f). The proof of claim included: (i) a copy of the writing on which it was based, as required by Rule 3001(c)(1); (ii) various statements required by Rule 3001(c)(2)(A), (B) and (C); and (iii) a copy of the deed of trust showing that it had been recorded in the Clark County Recorder's office, as required by Rule 3001(d).

In addition, on its face, the proof of claim was executed by Wells Fargo's legal counsel, an attorney from the law firm of Routh, Crabtree & Olsen, P.S., who in the signature block explicitly identified himself as "attorney for creditor." This is sufficient to satisfy the requirements of Rule 3001(b). Furthermore, Allana alleged in the operative version of her

14

complaint (her first amended complaint) at paragraph 4 that Wells Fargo filed the proof of claim, and Wells Fargo admitted this fact in its answer, so the fact of Wells Fargo's filing of the claim is not in dispute in this litigation.

Wells Fargo's filing of a proof of claim substantially in compliance with Rule 3001 qualified as prima facie evidence of the validity and amount of its claim. See Rule 3001(f). Thereafter, the burden shifted to Allana to tender evidence sufficient to refute at least one of the facts essential to the claim's legal sufficiency. Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell), 223 F.3d 1035, 1039-40 (9th Cir. 2000). The ultimate burden of persuasion at all times remained on Wells Fargo to prove its claim by a preponderance of the evidence. Id. at 1039; Wright v. Holm (In re Holm ), 931 F.2d 620, 623 (9th Cir. 1991).

In order to prove up its status as the successor to the beneficiary under the deed of trust, Wells Fargo also attached to its proof of claim a copy of the recorded assignment of deed of trust showing that MERS duly assigned the deed of trust to Wells Fargo. Allana argues that the assignment is invalid because it was not authenticated, because the assignment violated the trust agreement pursuant to which Wells Fargo was serving as trustee, and because the assignment's signatory – Khadija Gulley – lacked authority to sign on behalf of MERS.

None of Allana's contentions justify reversal. The assignment of deed of trust was self-authenticating as a notarized document. Evidence Rule 902(8); see also United States v. M'Biye, 655 F.2d 1240, 1242 (D.C. Cir. 1981); J & J Sports

15

Prods., Inc. v. Phelan, 2009 WL 3748107, at *13 (E.D. Cal. 2009). In fact, federal courts typically find the contents of recorded, notarized documents affecting title to real property so reliable that they routinely take judicial notice of their filing **and** their contents. See, e.g., Wensley v. First Nat. Bank of Nev., 874 F. Supp. 2d 957, 961 & n.1 (D. Nev. 2012); Beltran v. Accubanc Mortg. Corp., 2012 WL 5880434, at *2 (E.D. Cal. 2012); Razon v. Bank of Am., 2011 WL 1344272, at *2 (N.D. Cal. 2011); Trapp v. Chase Home Fin., LLC, 2010 WL 4703864, at *1 & n.1 (C.D. Cal. 2010).

As for the alleged violation of the securitization trust's governing documents, Allana lacks standing to complain of any such violations. Wood v. Germann, 331 P.3d 859, 862 (Nev. 2014); see also Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 515 (2013); Turner v. Wells Fargo Bank, N.A. (In re Turner), 2015 WL 3485876, at *9 (9th Cir. BAP June 2, 2015) (Mem. Dec.); In re Rivera, 2014 WL 6675693, at *8.

Finally, as for the alleged lack of authority of Khadija Gulley to sign the assignment of deed of trust on behalf of MERS, Allana needed to plead and submit some evidence of this alleged lack of authority. See Newman v. Bank of New York Mellon, 2013 WL 1499490, at *4 (E.D. Cal. 2013); Schwartz v. U.S. Bank, Nat. Ass'n, 2012 WL 10423214, at *7 (C.D. Cal. 2012). This view is consistent with both Nevada and California law, which have treated allegations of a lack of corporate authority as a factual matter to be proven by the party asserting the alleged lack of authority. See, e.g., B & C Enterprises v. Utter, 498 P.2d 1327, 1328 (Nev. 1972); Kessinger v. Organic Fertilizers, Inc.,

16

151 Cal. App. 2d 741, 749 (1957).

The only "evidence" that Allana presented related to this issue was the uncorroborated allegation that Gulley was employed by Bank of America (and not MERS) at the time she executed the assignment in favor of Wells Fargo. Even if we assume the truth of this allegation, it does not demonstrate what Allana hopes it demonstrates. To the contrary, numerous decisions have recognized that MERS's standard procedure is to authorize employees of various lending institutions to execute on behalf of MERS assignments of deeds of trust as necessary to effectuate the transfer of deeds of trust in financing transactions involving MERS as the originally-named beneficiary under the deeds of trust. See, e.g., Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1040 (9th Cir. 2011); Halajian v. Deutsche Bank Nat. Trust Co., 2015 WL 139703, at *3 (E.D. Cal. 2015) ("A dual agency role of an individual employed by a mortgage company and signing on behalf of MERS is a necessary consequence of [the MERS] system rather than an indication of any impropriety."); Schwartz, 2012 WL 10423214, at *7 ("the fact that a MERS representative may also be an employee of another entity is not unusual. . . .").

In sum, Allana's summary judgment opposition did not include any evidence tending to undermine any of the facts essential to Wells Fargo's proof of secured claim. As a result, Allana failed to demonstrate the existence of any genuine and material factual issues that would have rendered summary judgment inappropriate.

Allana also argues that the bankruptcy court erred by not giving her more time to conduct discovery before ruling on Wells

17

Fargo's summary judgment motion. In support of this argument, Allana contends that Wells Fargo and others never fully complied with the discovery requests she made pursuant to Rule 2004 before she filed her adversary proceeding. However, Allana never identified any efforts she made to enforce her Rule 2004 discovery requests or to conduct discovery in her adversary proceeding against Wells Fargo. Simply put, Allana failed to demonstrate any diligence on her part in conducting discovery. See Mackey v. Pioneer Nat. Bank, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment.")

Moreover, the evidence and facts Allana was seeking through discovery would not have changed the fact that Wells Fargo possessed the original Henderson note indorsed in blank or the fact that MERS assigned the deed of trust to Wells Fargo. Consequently, Allana failed to demonstrate how the bankruptcy court giving her additional time to conduct discovery would have helped her present specific facts and evidence establishing a genuine issue of material fact. See id. at 523-24. Nor did Allana comply with the applicable procedures for requesting additional time to conduct discovery. See Civil Rule 56(d); see also Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).

Finally, Allana points to a form Bank of America executed and filed in the bankruptcy court purporting to transfer Wells Fargo's "claim" to Nationstar Mortgage, LLC. According to Allana, this purported transfer undermines Wells Fargo's assertion in its summary judgment motion that it is the creditor

18

for that proof of claim. We disagree. There is no evidence in the summary judgment record that would have permitted a reasonable trier of fact to determine that Bank of America had any interest in the claim to transfer or that it was authorized to effectuate a transfer of the claim on behalf of Wells Fargo. At most, the record arguably suggests that Bank of America at one time may have been the servicing agent for Wells Fargo and that Nationstar was Bank of America's successor as servicing agent. It might be that Bank of America's transfer of claim form only was meant to notify the court and the parties of this fact. In any event, the form by itself does nothing to undermine the uncontroverted evidence in the record establishing that Wells Fargo is the creditor for the proof of claim, is entitled to enforce the Henderson note and is the successor beneficiary under the Henderson deed of trust.

**CONCLUSION**

For the reasons set forth above, we AFFIRM.

19