**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARMEN CORTES,

Plaintiff - Appellant,

v.

COUNTY OF SANTA CLARA,

Defendant - Appellee.

No. 13-16996

D.C. No. 5:11-cv-03645-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted November 18, 2015
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Carmen Cortes, a woman of Puerto Rican descent who worked as an auditor-appraiser for the Santa Clara County Assessor's Office ("the County"), appeals the district court's grant of summary judgment in favor of the County on her race discrimination claim under California's Fair Employment and Housing Act, Cal.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Gov't Code § 12900, *et seq.*, and 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse in part, and affirm in part.

1. The district court erred in granting summary judgment because genuine disputes of material fact exist as to whether the County's proffered reason for terminating Cortes was pretext for race discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805–06 (1973); *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004). Circumstantial evidence of pretext must be considered cumulatively, *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1208 (9th Cir. 2008), and a court must not ignore a plaintiff's *prima facie* evidentiary showing at the pretext stage of the *McDonnell Douglas* analysis. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 (9th Cir. 1994). Here, the district court failed to consider in determining pretext Cortes's *prima facie* case evidence that she was the only auditor-appraiser to receive a mid-probationary performance review and the only auditor-appraiser disciplined in January 2006 through June 2006 for failing to complete audits on a "flow basis." It was undisputed that more than 70% of Cortes's co-workers were Asian-American, as were her disciplining supervisors and all but one of the seven auditor-appraisers hired during Cortes's five-year tenure at the County. *See Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1363 (9th Cir.

2

1985) ("[Racial or ethnic] imbalance is often a telltale sign of purposeful discrimination; absent explanation, it is ordinarily to be expected that nondiscriminatory hiring practices will in time result in a work force more or less representative of the racial and ethnic composition of the population in the community from which employees are hired.").

The district court cited—and then discounted—a single piece of evidence at the pretext stage: A "one and one-half inch stack" of spreadsheets listing the audits completed by each auditor-appraiser, which Cortes introduced to show that similarly situated Asian-American employees were not disciplined for failing to comply with audit completion deadlines. "Other employees are similarly situated to the plaintiff when they 'have similar jobs and display similar conduct.'" *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1114 (9th Cir. 2011) (quoting *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003)). Employees "must only be similar in all material respects," and materiality "depend[s] on context and the facts of the case." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010). Further, "whether two employees are similarly situated is ordinarily a question of fact." *Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 883 n.4 (9th Cir. 2007). Although the manner in which the comparator evidence was presented to the court did not clearly explain its

significance, that evidence showed that Cortes was similarly situated to at least two Asian-American auditor-appraisers who failed to timely complete their audits but, unlike Cortes, received no discipline for these shortcomings.

2.  The district court did not abuse its discretion in denying Cortes's Rule 56(d) motion because, even if additional discovery might have precluded summary judgment, Cortes did not diligently pursue this discovery during the sixteen-month discovery period.  *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989).

**REVERSED in part, AFFIRMED in part.**

Each party shall bear its own costs.

Cortes v. County of Santa Clara, 13-16996

KLEINFELD, Senior Circuit Judge, dissenting:


I respectfully dissent.  The district court did not, in my view, err in granting summary judgement against Cortes.


Because the County of Santa Clara provided evidence and reasons that "would support a finding that unlawful discrimination was not the cause of the employment action," Cortes has the burden of providing "specific and substantial" evidence, in addition to her *prima facie* case, that the County of Santa Clara's proffered reasons were pretextual.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993); see Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1222 (9th Cir. 1998).  She did not meet this burden.  Cortes was unable to point to any other employee who had a similarly lengthy history of work lacking in both quality and quantity who was treated better than her.  See Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003).

1